IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BRINKMAN CRANE,<br><br>    Plaintiff,<br>    v.<br><br>BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT ALTERNATIVE LOAN TRUST 2005-14; CWALT, INC.; BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 through 100, inclusive<br><br>    Defendants. | 1:12-CV-00103 AWI-GSA<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 8) |

## INTRODUCTION

This case arises out of the foreclosure and sale of real property located in Fresno, California. Plaintiff brings suit against Defendants Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWALT Alternative Loan Trust 2005-14 ("BNYM"); CWALT, Inc. ("CWALT"); Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing LP ("Bank of America"); ReconTrust Company, N.A. ("ReconTrust"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.; the Securities Act of 1933, 15 U.S.C. § 77a et seq.; Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78a; Title 18 U.S.C. §§ 1341, 1342, 1348 & 1349 (Mail Fraud and Other Fraud Offenses); and Title 18 U.S.C. §§ 1961 et seq. (Civil RICO remedies).

On April 2, 2012, Defendants filed the instant motion to dismiss Plaintiff's claims

pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Court's Docket, Doc. No. 8.  Plaintiff has not opposed the motion.[1]  See Court's Docket, Doc. No. 15.  However, on May 4, 2012, Plaintiff lodged[2] a proposed First Amended Complaint ("FAC").  The proposed FAC purports to allege causes of action for: (1) declaratory relief under 28 U.S.C. §§ 2201, 2202; (2) negligence; (3) quasi contract; (4) "RESPA" violation of 12 U.S.C § 2605; (5) violation of 15 U.S.C. §§ 1692 et seq. "F.D.C.P.A."; (6) violation of California Business and Professions Code § 17200, et seq.; and (7) accounting.  Because the proposed FAC reasserts only the cause of action for violations of the FDCPA, the Court will analyze Defendants' motion to dismiss only with respect to the First Cause of Action in the operative complaint.[3]  For the reasons stated herein, the Court will grant Defendants' motion as to that claim.

---

[1] On May 10, 2012, Plaintiff filed a declaration indicating that he was not aware of Defendant's motion to dismiss until April 14, 2012, when he received a letter from this Court with the Minute Order advising him that the hearing date had been continued to May 7, 2012. See Court's Docket, Doc. No. 18, ¶ 2; Doc. No. 10.  Plaintiff claims, contrary to the proof of service, he did not receive a copy of the motion by overnight mail sent on April 2, 2012. Id. ¶ 7. Plaintiff states he left a telephone message for defense counsel, Michael Peng, on April 16, 2012, requesting a copy of the motion. Id. ¶¶ 4-5.  On April 24, 2012, at 4:34 p.m., Plaintiff received a copy of the motion via e-mail from Mr. Peng. Id., Ex. 2.  Plaintiff claims he was prejudiced because, by the time he received a copy of the motion, on April 24, the deadline for filing a timely Opposition to the motion had passed.  For this reason, he states he was prejudiced. Id. ¶8. Plaintiff further indicates he wishes to file an amended complaint. Id. ¶ 9.

On May 11, 2012, Mr. Peng filed a declaration stating he did not receive a telephone message from Plaintiff until April 24, 2012, when he promptly e-mailed a copy of the motion to Plaintiff. See Court's Docket, Doc. No. 19, ¶¶ 2-5.  A FedEx tracking update attached to the declaration indicates that Defendant's motion to dismiss was delivered to Plaintiff's then-current mailing address on April 3, 2012 at 10:26 a.m. Id., Ex. A.  Further, Plaintiff's declaration states he received the Minute Order from this Court, which was mailed to the same address, on April 14, 2012. See Court's Docket, Doc. No. 18, ¶ 2.  Plaintiff did not file a Notice of Change of Address until May 7, 2012. See Court's Docket, Doc. No. 17.  Local Rules 182 and 183 require that all attorneys and persons appearing in pro per are under a continuing duty to notify the Clerk and all other parties of a change of address. See L.R. 182(f) and 183(b).  "Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective." L.R. 182(f).  Moreover, Plaintiff received notice of the pending motion on April 14, 2012, at the latest.  The Court therefore finds no prejudice to Plaintiff and, as discussed herein, Plaintiff will be granted leave to file an amended complaint.

[2] The proposed FAC was not filed automatically because the time to amend as a matter of course had expired. See Fed. R. Civ. P. 15(a)(1)

[3] Plaintiff is advised that he may choose either to 1) pursue the remaining claims in the operative complaint; 2) ask the Clerk to file the proposed FAC; or 3) file another amended complaint in accordance with this Order.

# BACKGROUND[4]

In February 2005, Plaintiff Jeff Brinkman Crane obtained a loan from Genisys Financial Corp. for the refinance of real property located at 1561 East La Quinta Dr. in Fresno, California. See Compl. ¶ 5. On February 22, 2005, Plaintiff executed a Note and Deed of Trust ("DOT"). Id., Ex. H; RJN, Ex. A. The DOT identifies New Century Title as the trustee, and Defendant MERS as the beneficiary. Id. The DOT specifies that MERS is a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." Id. The DOT also provides that MERS:

> holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Id., Ex. A at 3.

On March 25, 2008,[5] MERS substituted Defendant ReconTrust as trustee under the DOT. See Compl. ¶ 6, Ex. J. On March 25, 2008,[6] ReconTrust, as agent for the beneficiary, executed a Notice of Default listing MERS as the beneficiary of the loan. See Compl. ¶ 6, Ex.I; RJN, Ex. B. On April 13, 2011, MERS executed a Corporation Assignment of Deed of Trust granting beneficial interest to Defendant BNYM. See RJN, Ex. C. On May 10, 2011, ReconTrust recorded a Notice of Trustee's Sale, listing a sale date of May 31, 2011. See Compl. ¶ 6, Ex. N;

---

[4] The facts stated herein are taken from the Complaint and Defendants' Request for Judicial Notice. The subjects of the request are documents that have been recorded in the Fresno County recorder's office and include: a deed of trust dated February 22, 2005, and recorded on February 28, 2005; a notice of default dated March 25, 2008, and recorded on March 27, 2008; an assignment of deed of trust dated April 13, 2011, and recorded on April 18, 2011; a notice of trustee's sale recorded on dated May 5, 2011, and recorded on May 10, 2011; and a trustee's deed upon sale dated September 22, 2011, and recorded on September 28, 2011. Plaintiff has filed no objection to the request for judicial notice. Public documents are the proper subject of judicial notice. See Fed. R. Evid. 201(b); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986); Fortaleza v. PNC Fin. Serv. Grp., Inc., 642 F.Supp.2d 1012, 1019 (N.D.Cal.2009). The Court therefore grants Defendants' request.

[5] It appears that the Substitution of Trustee was signed and notarized on March 26, 2008, and recorded on August 5, 2008.

[6] The Notice of Default was recorded on March 27, 2008.

RJN, Ex. D. A Trustee's Deed Upon Sale was recorded on September 28, 2011, showing that the property was sold to the highest bidder on September 13, 2011. See RJN, Ex. E. On January 23, 2012, Plaintiff filed this action.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965-66 (2007).  Thus, to "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949; see also Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).

A plaintiff's allegations are taken as true, but courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

**DISCUSSION**

The FDCPA regulates conduct between consumers and "debt collectors." See <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA</u>, ––U.S. ––, ––, 130 S.Ct. 1605, 1608, 176 L.Ed.2d 519 (2010); <u>Rowe v. Education Credit Mgmt. Corp.</u>, 559 F.3d 1028, 1031 (9th Cir. 2009). To state a claim under the FDCPA, a "plaintiff must show: (1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o." Gutierrez v. Wells Fargo Bank, 2009 WL 322915, *2 (N.D.Cal. Feb. 9, 2009) (citing <u>Creighton v. Emporia Credit Service, Inc.</u>, 981 F.Supp. 411, 414 (E.D.Va.1997)). Plaintiff alleges that:

- Defendants B of A, BAC, and ReconTrust violated 15 U.S.C. § 1692d by recording the Notice of Default and Notice of Trustee's Sale as a means to coerce payment;

- Defendants B of A, BAC, and ReconTrust violated 15 U.S.C. § 1692d by posting the trustee's sale;

- Defendants B of A, BAC, and ReconTrust violated 15 U.S.C. § 1692e by falsely representing the status of the debt;

- Defendants B of A, BAC, and ReconTrust violated 15 U.S.C. § 1692e by attempting to collect on the alleged debt by mail or telephone, knowing that the debt had been converted and terminated;

- Defendants B of A, BAC, ReconTrust, and MERS violated 15 U.S.C. § 1692e by falsely representing the transfer of the beneficial interest in the debt;

- Defendants B of A, BAC, and ReconTrust violated 15 U.S.C. § 1692e by falsely representing the identity of the creditor and beneficiary;

- Defendants B of A and BAC violated 15 U.S.C. § 1692e by collecting amounts not authorized under any agreement or permitted by law;

- Defendants B of A, BAC, and ReconTrust violated 15 U.S.C. § 1692e by threatening to unlawfully repossess the property;

- Defendants B of A, BAC, ReconTrust and MERS violated 15 U.S.C. § 1692e by

sending a Debt Validation letter and Notice of Default that falsely represented the status of the alleged debt; and

- Defendants B of A, BAC and ReconTrust violated 15 U.S.C. § 1692j by using the Notice of Default and Notice of Trustee sale forms to deceive consumers as to the identity of the creditors.

See Compl. ¶¶ 30-40.

However, Plaintiff does not allege that any Defendant is a debt collector within the meaning of the FDCPA.[7] Under the FDCPA, a "debt collector" is "any person who uses any instrumentality . . . in any business the principal purpose of which is the collection of any debts . . . owed or due another." 15 U.S.C. § 1692a(6). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208, modified on other grounds, 761 F.2d 237 (5th Cir.1985). Defendant Bank of America is a servicing company, Defendant ReconTrust is the trustee under the DOT, and Defendant MERS is the original beneficiary of the DOT. Under California law, a "trustee, mortgagee or beneficiary or any of their authorized agents" may initiate a foreclosure. See Cal. Civ. Code § 2924(a)(1). If the loan was in default, the Defendants would have been within their rights to begin foreclosure proceedings pursuant to the DOT. Further, Plaintiff's claims are based on foreclosure-related conduct. Foreclosing on a property pursuant to a deed of trust is not debt collection within the meaning under the FDCPA. See Lipscomb v. Mortgage Electronic Registration System, Inc., 2011 WL 3361132, *8 (E.D.Cal. Aug. 3, 2011); Perez v. Ocwen Loan Servicing, 2011 WL 2680503, *5 (S.D.Cal. July 8, 2011); Schuck v. Fannie Mae, 2011 WL 2580552, *7 (E.D. Cal. June 28, 2011); Spurlock v. Carrington Mortg. Servs., Inc., 2010 WL 3069733 at *4 (S.D. Cal. Aug. 4, 2010); Ricon v. Recontrust Co., 2009 WL 2407396, *3 (S.D. Cal. Aug. 4, 2009); Gamboa v. Tr. Corps & Cent.

---

[7] Plaintiff alleges that "Bank of America clearly states on every phone call that is answered through their automated system that Bank of America is a debt collector." See Compl. ¶ 36. This is not sufficient to state a claim under 15 U.S.C. § 1692a(6).

Mortg. Loan Servicing Co., 2009 WL 656285, *4 (N.D.Cal. Mar. 12, 2009); Izenberg v. ETS Servs., LLC, 589 F.Supp.2d 1193, 1199 (C.D.Cal.2008).

Based on the foregoing, the Court finds that the operative Complaint fails to state a claim for violation of the FDCPA. Plaintiff's First Cause of Action will be dismissed with leave to amend consistent with this Order.

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss is GRANTED in part;

2. Plaintiff's First Cause of Action is DISMISSED without prejudice;

3. Any amended complaint SHALL BE FILED (or Plaintiff shall direct the Clerk to file the proposed First Amended Complaint) within twenty (20) days of service of this order; and

4. If Plaintiff fails to file a timely amended complaint, Defendants shall file an answer or renew their motion to dismiss the remaining causes of action within thirty (30) days of service of this order.

IT IS SO ORDERED.

Dated:   May 16, 2012

CHIEF UNITED STATES DISTRICT JUDGE