IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF BRINKMAN CRANE,<br><br>          Plaintiff,<br>    v.<br><br>BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT ALTERNATIVE LOAN TRUST 2005-14; CWALT, INC.; BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 through 100, inclusive<br><br>          Defendants. | 1:12-CV-00103 AWI-GSA<br><br>ORDER VACATING JULY 9, 2012 HEARING DATE AND GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS<br><br>(Doc. No. 21) |

    This case arises out of the foreclosure and sale of real property located in Fresno, California. Plaintiff, proceeding pro se, brings suit against Defendants Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWALT Alternative Loan Trust 2005-14 ("BNYM"); CWALT, Inc. ("CWALT"); Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing LP ("Bank of America"); ReconTrust Company, N.A. ("ReconTrust"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.; the Securities Act of 1933, 15 U.S.C. § 77a et seq.; Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78a; Title 18 U.S.C. §§ 1341, 1342, 1348 & 1349 (Mail Fraud and Other Fraud Offenses); and Title 18 U.S.C. §§ 1961 et seq. (Civil RICO remedies).

    On April 2, 2012, Defendants filed a motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). See Court's Docket, Doc. No. 8. Plaintiff did not

oppose the motion, but instead lodged a proposed First Amended Complaint reasserting only the cause of action under the FDCPA, along with several novel claims. On May 16, 2012, the Court granted Defendants' motion in part, dismissed the First Cause of Action under the FDCPA, and directed Plaintiff to file an amended complaint (or direct the Clerk to file the proposed First Amended Complaint) within twenty (20) days. See id. Doc. No. 20.

Plaintiff did not timely file or serve any amended complaint. As permitted by the Court's prior order, Defendants have renewed their motion to dismiss the remaining claims in the operative complaint under Federal Rule of Civil Procedure 12(b)(6). See id., Doc. No. 21. This motion is set for hearing on July 9, 2012, at 1:30 p.m. in Courtroom 2. Plaintiff has failed to file an opposition or statement of non-opposition within the time provided by the Local Rules. The Court has determined that this matter is suitable for decision without oral argument. See Local Rule 230(g). The previously set hearing date of July 9, 2012 hearing date shall be vacated, and, for the reasons stated herein, the Court will grant Defendants' motion.

## BACKGROUND[1]

In February 2005, Plaintiff Jeff Brinkman Crane obtained a loan from Genisys Financial Corp. for the refinance of real property located at 1561 East La Quinta Dr. in Fresno, California. See Compl. ¶ 5. On February 22, 2005, Plaintiff executed a Note and Deed of Trust ("DOT"). Id., Ex. H; RJN, Ex. A. The DOT identifies New Century Title as the trustee, and Defendant MERS as the beneficiary. Id. The DOT specifies that MERS is a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." Id. The DOT also provides that MERS:

> holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

---

[1] The facts stated herein are taken from the Complaint and Defendants' Request for Judicial Notice. In the order dated May 16, 2012, the Court granted Defendants' Request for Judicial Notice in its entirety. See Court's Docket, Doc. No. 20 at n.4.

Id., Ex. A at 3.

On March 25, 2008, MERS substituted Defendant ReconTrust as trustee under the DOT. See Compl. ¶ 6, Ex. J. On March 25, 2008, ReconTrust, as agent for the beneficiary, executed a Notice of Default listing MERS as the beneficiary of the loan. See Compl. ¶ 6, Ex.I; RJN, Ex. B. On April 13, 2011, MERS executed a Corporation Assignment of Deed of Trust granting beneficial interest to Defendant BNYM. See RJN, Ex. C. On May 10, 2011, ReconTrust recorded a Notice of Trustee's Sale, listing a sale date of May 31, 2011. See Compl. ¶ 6, Ex. N; RJN, Ex. D. A Trustee's Deed Upon Sale was recorded on September 28, 2011, showing that the property was sold to the highest bidder on September 13, 2011. See RJN, Ex. E. On January 23, 2012, Plaintiff filed this action.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965-66 (2007). Thus, to "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949; see also Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).

A plaintiff's allegations are taken as true, but courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

4

suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

**DISCUSSION**

The claims remaining in the Complaint are for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; the Securities Act of 1933, 15 U.S.C. § 77a et seq.; Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78a; Title 18 U.S.C. §§ 1341, 1342, 1348 & 1349 (Mail Fraud and Other Fraud Offenses); and Title 18 U.S.C. §§ 1961 et seq. (Civil RICO remedies). The Court will address each in turn.

**A.     Violation of the Fair Credit Reporting Act**

The Complaint's Second Cause of Action alleges Defendants violated the FCRA "by reporting alleged defaults on the alleged debt as a consumer reporting agency with neither fairness nor accuracy." Compl. ¶ 43. Defendants contend this claim fails because they are not "consumer reporting agencies." The Court agrees.

For purposes of the FCRA, a consumer reporting agency is "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). Several courts have held that banks and mortgage loan servicers are not "consumer reporting agencies" within the meaning of the FCRA. See e.g., Mirfasifi v. Fleet Mortg. Corp., 551 F.3d 682, 686 (7th Cir. 2008) (finding that defendant bank did not meet the definition of "consumer reporting agency" under § 1681a(f)); Smith v. First Nat. Bank of Atlanta, 837 F.2d 1575, 1579 (11th Cir. 1988) (holding that defendant bank was not a consumer reporting agency within the meaning of Fair Credit Reporting Act where bank reported information to credit reporting agency based solely on bank's own experience with one of its

customers); Alvarez Melendez v. Citibank, 705 F.Supp. 67, 69 (1st Cir. 1988) (finding that defendant bank merely furnished information to credit reporting agency and was not a consumer reporting agency under FCRA); Hedman v. Aurora Loan Servs., No. 2:10-cv-01229-MCE-KJN, 2010 WL 3784170 at *3 (E.D. Cal. Sept. 27, 2010) ("[T]he FCRA rules Plaintiffs allege that Defendants violated impose requirements upon consumer reporting agencies, rather than mortgage loan servicers or lending companies who report to such agencies . . . 'Parties who do no more than furnish information to a credit reporting agency are not covered by the federal act.'"); Kakogui v. Am. Brokers Conduit, No. C 09-4841-JF (HRL), 2010 WL 1265201 at *5 (N.D. Cal. Mar. 30, 2010) (finding that loan servicers and assignees are not credit reporting agencies as defined in the FCRA).

Based on the foregoing, the Court finds that the Complaint fails to state a claim for violation of the FCRA. Plaintiff's Second Cause of Action will be dismissed.

**B.   Violations of the Securities Act of 1933 and the Securities Exchange Act of 1934**

Plaintiff's Third and Fourth Causes of Action allege Defendants committed fraud by "claiming the existence of the alleged Note as a tangible and true instrument of debt, when in fact the Note that is the proof for the debt based on the contract has been converted from a debt based Note . . .into a securitized instrument," by securitizing the loan and creating a "double dipping scenario," by "using a fraudulent security instrument as collateral of an alleged debt," and by "misrepresenting the alleged debt. Compl. ¶¶ 50-51. Plaintiff alleges these fraudulent actions violated the Securities Act of 1933 and the Section 10b of the Securities Exchange Act of 1934.

Defendants contend Plaintiff's general allegations are insufficient to state a claim for securities fraud under either Act. "[A] complaint stating claims under section 10(b) and Rule 10b-5 must satisfy the . . .pleading requirements of Federal Rule of Civil Procedure 9(b)." Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 990-92 (9th Cir. 2009). The heightened pleading requirements of Rule 9(b) require a plaintiff to plead facts as to the "who, what, when, where, and how" of the alleged fraud. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir.

2009). Moreover, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that a plaintiff plead both falsity and scienter to state a securities fraud claim. See 15 U.S.C. § 78u-4. "Where pleadings are not sufficiently particularized or where, taken as a whole, they do not raise a 'strong inference' that misleading statements were knowingly or deliberate recklessness made to investors, a private securities fraud complaint is properly dismissed under Rule 12(b)(6)." Ronconi v. Larkin, 253 F.3d 423, 429 (9th Cir. 2001). Plaintiff's allegations do not meet the heightened fraud pleading standards of Federal Rule of Civil Procedure 9(b) or the PSLRA. Plaintiff does not specify which Defendant or Defendants perpetrated the alleged fraud, nor does he allege that he purchased any securities, a requirement for bringing an action under the federal securities laws.

Accordingly, the Court finds that Plaintiff has failed to state a claim under the Securities Act of 1933 or the Securities Exchange Act of 1934. Plaintiff's Third and Fourth Causes of Action will be dismissed.

### C. Violations of 18 U.S.C. §§ 1341, 1342, 1348 & 1349 (Mail Fraud and Other Fraud Offenses)

The Complaint's Fifth Cause of Action asserts Defendants violated the criminal mail and wire fraud statutes. Compl. ¶¶ 58-66. However, "Courts have consistently held that the mail and wire fraud statutes do not confer a private right of action." Idowu v. Astheimer, No. C 10-02672 SBA, 2011 WL 89965, at *2 (N.D.Cal. Jan. 11, 2011) (citing Wilcox v. First Interstate Bank, 815 F.2d 522, 533 n. 1 (9th Cir.1987); Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 407–408 (8th Cir.1999); Napper v. Anderson, 500 F.2d 634, 636 (5th Cir.1974)). Thus, Plaintiff cannot state a claim under 18 U.S.C. §§ 1341, 1342, 1348 or 1349. The Court will therefore dismiss the Fifth Cause of Action.

### D. Violations of Title 18 U.S.C. §§ 1961 et seq. (Civil RICO remedies)

The Complaint's Seventh Cause of Action[2] alleges Defendants violated the Racketeering

---

[2] There is no Sixth Cause of Action in the Complaint.

Influenced and Corrupt Organizations Act ("RICO"), by acting "in concert to violate and continue to violate the laws of the United States of America and have made their actions a matter of recurring business practices that have caused the loss of millions of properties and trillions of dollars in damages to the economy of the United States of America and the citizens of this land." Compl. ¶ 68.  The Complaint further alleges Defendants "directly or indirectly, an interest in or control of a RICO enterprise of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce," they "did associate with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce," and they "did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity," in violation of 18 U.S.C. §§ 1961 and 1962.  Compl. ¶¶ 67-79.

To state a civil RICO claim, a plaintiff must plead: "(1) the existence of a RICO 'enterprise'; (2) the existence of a 'pattern of racketeering activity'; (3) a nexus between the defendant and either the pattern of racketeering activity or the RICO 'enterprise'; and (4) resulting injury to plaintiff, in his 'business or property.'"  Occupational-Urgent Care Health Systems, Inc. v. Sutro & Co., Inc., 711 F.Supp. 1016, 1021 (E.D. Cal. 1989) (citing Klapper v. Commonwealth Realty Trust, 657 F.Supp. 948, 953 (D.Del.1987) (citing Eaby v. Richmond, 561 F.Supp. 131, 133–34 (E.D.Pa.1983)).  Plaintiff's conclusory allegations fail to state a claim upon which relief can be granted.  Accordingly, the Court will dismiss the Seventh Cause of Action.

     **E.**    **Leave to Amend**

Plaintiff was given the opportunity to amend his complaint and has apparently chosen not to do so.  Moreover, amendment of Plaintiff's remaining claims would be futile, as there is no set of facts which could cure the deficiencies in his claims.  See Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1108 (9th Cir. 2003); Bly-Magee v. California, 236 F.3d 1014,  (9th Cir. 2001); Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996).  The Court will therefore grant Defendants' motion to dismiss with prejudice and without leave to amend.

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The previously set hearing date of July 9, 2012, is VACATED;

2. Defendant's Motion to Dismiss is GRANTED with prejudice; and

3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   July 3, 2012

CHIEF UNITED STATES DISTRICT JUDGE